UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOURK
------------------------------------------------------------------------x
RYOKO ITAKURA                                        :
                                                     :       08 CV 9027 (HB)
                        Plaintiff,                   :
                                                     :       <u>OPINION & ORDER</u>
        -against-                                    :
                                                     :
PRIMAVERA GALLERIES INC., and                        :
AUDREY FRIEDMAN                                      :
                                                     :
                        Defendants.                  :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

  Twenty years ago Plaintiff Ryoko Itakura spent $95,000 to purchase two chairs from Defendant Primavera Galleries, Inc. ("Primavera") and its owner Audrey Friedman ("Friedman"), allegedly after the Defendants represented that the chairs were the work of the designer and architect Pierre Chareau.  Plaintiff alleges that it was not until she attempted to sell the chairs at auction 2007 that they were discovered to be fakes.  In her initial complaint, Plaintiff asserted the following claims against Defendants:  (i) breach of contract; (ii) false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. §1125(a); (iii) common law palming off; (iv) and unjust enrichment.  Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiff's claims are barred by the applicable statutes of limitation and that she does not have standing to assert unfair competition claims.  In connection with her opposition to Defendants' motion, Plaintiff moved to amend her complaint, submitting to the Court a proposed amended complaint that added a new claim of fraudulent inducement and, as part of her unjust enrichment claim, new allegations that Defendants violated Section 13.01 of Title C of the New York Arts and Cultural Affairs Law.  For the reasons that follow, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's motion to amend the complaint is GRANTED with respect to her claim of fraudulent inducement, but DENIED with respect to all her other claims because such an amendment would be futile.

## I. BACKGROUND

  The facts of this case are straightforward.  In her verified complaint Plaintiff alleges that she and her brother visited the Defendants' gallery, were shown the chairs at issue, and told they were the work of the French designer and architect Pierre Chareau. Complaint at ¶¶7-8.  On the

1

basis of this representation, Plaintiff purchased the chairs for $95,000.  *Id*. at ¶9.  The transaction was documented by a bill of sale, which recites that the chairs were Chareaus.  *Id*. at ¶19.  The complaint does not allege when the transaction took place, but the bill of sale reveals that Plaintiff paid for the chairs on June 6, 1989.  Affidavit of Audrey Friedman, ("Friedman Aff."), Ex. 2 ("Bill of Sale").

According to Plaintiff, she first learned that the chairs were counterfeits when she had them appraised by Christie's in New York in 2007.  Complaint at ¶14.  She immediately asked the Defendants for a refund but her request was refused.  *Id*. at ¶15.  This litigation ensued.

## II. LEGAL STANDARDS

### A.  Motion to Dismiss

Under Rule 12(b)(6), a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87 (2d Cir. 2007).  The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir. 2002).  However, the pleader may have to "amplify a claim with some factual allegations where such amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007).  Bald assertions and legal conclusions, or legal conclusions masquerading as facts need not be accepted as true by the Court.  *Twombly*, 127 S. Ct. at 1966.

### B. Motion to Amend Complaint.

According to Fed. R. Civ. P. 15(a), a plaintiff may amend her complaint "once as a matter of course before a responsive pleading is served."  Otherwise, a plaintiff may do so only with leave of court or consent of the adverse party, but "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a).  However, "'[w]here the proposed amended complaint would not withstand a motion to dismiss, the granting of leave to amend would be futile, and hence the motion [to amend] should be denied.'" *Howard v. City of New York*  2006 WL 2597857, *8 (S.D.N.Y. 2006) (quoting *In re Winstar Commcn's v. Rouhana,* No. 01 CV 3014, 2006 WL 473885, at *1 (S.D.N.Y. Feb. 27, 2006)); *see also Lucente v. International Business*

*Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).") Because the standard for determining whether a proposed amendment would be futile is the same as that which applies to a motion to dismiss under Rule 12(b)(6), and in their reply memorandum Defendants argue for dismissal of the proposed amended complaint, I will grant Plaintiff leave to amend her complaint only to the extent the claims alleged therein withstand Defendants' motion to dismiss.

### III. DISCUSSION

#### A. Breach of Contract

Plaintiff's breach of contract claim is subject to a four year statute of limitations that accrues when the breach occurs "regardless of the aggrieved party's lack of knowledge of the breach. N.Y. U.C.C. §2-725(1). In *Rosen v. Spanierman*, 894 F.2d 28, 34 (2d Cir. 1990), the Second Circuit found untimely a breach of warranty claim based on facts substantially similar to those alleged by Plaintiff here. In *Rosen*, the plaintiff purchased a painting in 1968, which was sold with a signed warranty that it was the work of John Singer Seargent. *Id.* at 30. When the buyer discovered the work to be a fake in 1987 and sued, the district court granted summary judgment on the plaintiff's breach of warranty claims because the statute of limitations set by N.Y. U.C.C. §2-275 barred the suit as untimely. *Id.* at 30-31. The Second Circuit affirmed. *Id.* at 34. The same result obtains here. Because Plaintiff's breach of contract claim is barred by the statute of limitations, granting of leave to amend the complaint to assert this claim would be futile. Accordingly, Defendant's motion to dismiss is GRANTED and Plaintiff's motion for leave file an amended complaint is DENIED with respect to Plaintiff's breach of contract claim.

#### B. Unjust Enrichment

The statute of limitations applicable to a claim of unjust enrichment is six years. N.Y. C.P.L.R. 213(1); *Davis v. Cornerstone Telephone Co., LLC*, 61 A.D.3d 1315, 1316 (3d Dep't. 2009). "The statute of limitations for unjust enrichment generally begins to run "'upon the occurrence of the wrongful act giving rise to a duty of restitution.'" Grynberg v. Eni S.p.A., No. 06 Civ. 6495 (RLC)  2007 WL 2584727, *5 (S.D.N.Y. Sep. 5, 2007) (quoting *Golden Pacific Bancorp v. F.D.I.C.,* 273 F.3d 509, 520 (2d Cir. 2001)). Consequently, the statute of limitations for Plaintiff's unjust enrichment claim began run as of the date of the sale and expired six years thereafter, in 1995. The additional allegations of a breach of Section 13.01 of New York's Arts

3

and Cultural Affairs Law made in connection with her unjust enrichment claim in her proposed amended complaint do not alter this conclusion. *See Shaheen v. Stephen Hahn, Inc.*, No. 92 Civ. 8062 (MEL), 1994 WL 854659, *2 (S.D.N.Y. Mar. 9, 1994). Accordingly, Defendant's motion to dismiss Plaintiff's unjust enrichment claim is GRANTED and Plaintiff's motion for leave to replead this claim is DENIED.

### C. False Designation of Origin

"To establish standing under section 43(a), the plaintiff must 'demonstrate a reasonable interest to be protected against the advertiser's false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.'" *Havana Club Holding, S.A. v. Galleon S.A.*, 203 F.3d 116, 130 (2d Cir. 2000) (quoting *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,* 32 F.3d 690, 694 (2d Cir.1994) (internal quotation marks omitted)). "Although the plaintiff does not have to be a 'direct competitor' of the defendant to have standing, it is apparent that, at a minimum, standing to bring a section 43 claim requires the potential for a commercial, *i.e.* 'competitive,' injury." *Crab House of Douglaston, Inc. v. Newsday, Inc.*, 418 F.Supp.2d 193, 213 (E.D.N.Y. 2006) (quoting *Berni v. Int'l Gourmet Rest. of Am., Inc.,* 838 F.2d 642, 648 (2d Cir. 1988)). This means that consumers generally lack standing to sue under Section 43(a) of the Lanham Act. *Id.*; *Colligan v. Activities Club of N.Y., Ltd.,* 442 F.2d 686, 692 (2d Cir. 1971).

In its opposition to Defendants' motion to dismiss, Plaintiff appears to concede that she lacks standing to assert a claim under Section 43(a) of the Lanham Act. Mem. in Opp'n. at 6. ("[D]efendants cite cases holding that consumers do not have standing to sue for trademark related infringements. Plaintiff agrees.") In any event, it is clear that as a purchaser of the goods at issue here Plaintiff does not have standing to assert false designation of origin claims under Section 43(a) of the Lanham Act. *Colligan*, 442 F.2d at 692. Consequently, Defendants' motion to dismiss Plaintiff's Lanham Act claim is GRANTED and Plaintiff's motion for leave to amend her complaint to include a substantially similar claim is DENIED.

### D. Common Law Palming Off

"Palming off" is "the sale of the goods of one manufacturer as those of another," and "was the first theory of unfair competition endorsed by New York courts." *ITC Ltd. v. Punchgini, Inc.* 9 N.Y.3d 467, 476-477 (2007). Although "[p]rotection from 'palming off' has been extended [by the New York courts] to situations where the parties are not even in

4

competition," *Electrolux Corp. v. Val-Worth, Inc.*, 6 N.Y.2d 556, 567 (1959), common law palming off claims are "governed by the same standards as a claim for unfair competition under the Lanham Act." *C.V. Starr & Co., Inc. v. American Intern. Group, Inc.*, No. 06 Civ. 2157 (HB), 2006 WL 2627565, *2 (S.D.N.Y. Sep. 14, 2006). An individual consumer of falsely advertised or mis-designated goods does not suffer the type of injury against which the cause of action for palming off protects. *See*, *e.g.*, *Cornell University v. Messing Bakeries*, 285 A.D. 490, 493, *affd*. 309 N. Y. 722 (1955) (university granted injunction to prohibit bread-maker from making commercial use of its name in a way that suggested connection with the school). Plaintiff does not have standing to assert a claim of common law passing off. Accordingly Defendant's motion to dismiss this claim is GRANTED and Plaintiff's motion for leave to file an amended complaint that includes it is DENIED.

### E. Fraudulent Inducement

Plaintiff's proposed amended complaint adds a claim of fraudulent inducement, based upon allegations that in purchasing the chairs she relied upon the Defendants' intentional misrepresentation that they chairs were genuine works of Pierre Chareau. Because Plaintiff adequately pleads this claim with the specificity required by Fed. R. Civ. P. 9(b) and the statute of limitations for fraud begins to run as of the date the alleged fraud is discovered, Plaintiff's amendment of her complaint to assert a claim of fraudulent misrepresentation would not be futile.

First, Plaintiff adequately alleges a claim of fraudulent misrepresentation. To maintain a fraud claim under New York law, a plaintiff must establish that she relied on the defendant's misrepresentations and that this reliance caused her injury. *Rosen*, 894 F.2d at 34. "Claims of common law fraud must satisfy the requirements of Rule 9(b)," *Bui v. Industrial Enterprises of America, Inc.*, 594 F.Supp.2d 364, 371 (S.D.N.Y. 2009), and thus to sustain her claim Plaintiff "must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). Plaintiff's proposed amended complaint meets this heightened pleading standard by (1) specifying the statements she contends were fraudulent, namely that the chairs were genuine Chareaus, (2) identifying the speaker as Friedman herself, (3) alleging that the statements were made at the Defendants' gallery[1]; and (4) explaining that the statements were fraudulent because

---

[1] Plaintiff does not allege precisely *when* the alleged misrepresentations were made, although it is clear that they were made at the time the chairs were purchased, which is confirmed by the bill of sale to be

the chairs were not in fact genuine works of Pierre Charreau. *See Simon-Whelan v. Andy Warhol Foundation for the Visual Arts, Inc.*, No. 07 Civ. 6423 (LTS) 2009 WL 1457177, *9 (S.D.N.Y. May 26, 2009 (quoting *Stevelman v. Alias Research, Inc.,* 174 F.3d 79, 84 (2d Cir. 1999)). Finally, Plaintiff alleges that she was injured by her reliance upon the Defendants' misrepresentation because she purchased counterfeit goods at a price she believed represented the fair market value of genuine works.

Second, because the alleged fraud was not discovered until 2007, in the present procedural posture of this case I cannot conclude the Plaintiff's claim is untimely. Under New York law, the statute of limitations for a fraud claim is the longer of (1) six years from the date of the fraud, or (2) two years from the date the fraud was discovered or could have been discovered with the exercise of reasonable diligence. N.Y. C.P.L.R. §213(8). Here, Plaintiff alleges that she discovered the fraud in 2007 when the chairs were appraised by Christie's in New York. I must assume the truth of this factual allegation, and consequently so long as Plaintiff could not have discovered the alleged forgery with the exercise of reasonable diligence, Plaintiff's claim is timely. In *Rosen*, where the painting at issue was not determined to be a fake until 19 years after the original sale, the Second Circuit was not presented with the statute of limitations issue but noted that "New York courts have exhibited a reluctance to impute discovery to a plaintiff maintaining a claim of fraud who has no reason to suspect that he has been defrauded." *Rosen,* 894 F.2d at 36 n. 2 (citing *Trepuk v. Frank*, 44 N.Y.2d 723, 724-25 (1978); *Azoy v. Fowler*, 57 A.D. 2d. 541, 541-42 (2d Dep't 1977)). There, "on the facts as alleged, the [plaintiffs] had no reason to suspect the authenticity of their painting until they tried to sell it in 1987." *Id*.

Defendants attempt to distinguish *Rosen* by arguing that, like the plaintiff in *Foxley v. Sotheby's Inc.*, 893 F.Supp. 1224 (S.D.N.Y. 1995), Plaintiff is a professional art dealer who as a sophisticated purchaser should be held to a higher standard of reasonable diligence. To assert this argument, Defendants rely on a "Resale Certificate" attached to a second affidavit of Audrey Freidman, purportedly signed by Plaintiff on the date of the sale and which certifies that she is an "art dealer." Reply Aff. of Audrey Friedman, Ex. 2. But in ruling on a motion to dismiss, or applying that same standard to determine whether amendment of a complaint would be futile, the

---

June 1989. Plaintiff should cure this technical pleading deficiency in the amended complaint she files in accordance with this Order.

6

Court must "'limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991)). Consequently, I will not consider here the import of the "Resale Certificate," and without more Defendants fail to demonstrate that Plaintiff should be held to a higher standard of reasonable diligence than that which applies to an ordinary purchaser of the chairs.

Accordingly, Plaintiff's proposed amendment of the complaint to assert a claim of fraud would not be futile, and Plaintiff's motion to amend the complaint to assert such a claim is GRANTED. Defendant's motion to dismiss this claim is DENIED without prejudice.

## CONCLUSION

Defendants' motion to dismiss the original complaint is GRANTED with respect to Plaintiff's claims of (i) breach of contract; (ii) unjust enrichment; (iii) false designation under the Lanham Act; and (iv) common law palming off. Plaintiff's motion for leave to file an amended complaint that includes these claims is DENIED as such an amendment would be futile. However, Plaintiff's motion to amend her complaint to assert a claim of fraud is GRANTED, and Defendants' motion to dismiss this claim is DENIED without prejudice. Plaintiff is hereby directed to file an amended complaint in accordance with this Opinion within twenty days of the date hereof. The Clerk of the Court is directed to close docket numbers 9 and 16.

SO ORDERED
June 30, 2009
New York, New York

_____
U.S.D.J.

7